UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

ROYMER TEJEDA,

                Petitioner,                          **TRANSFER ORDER**

   -against-                                    14-CV-822 (KAM) (LB)

ERIC H. HOLDER, JR.,

                Respondent.
----------------------------------------------------------X
MATSUMOTO, United States District Judge:

      On January 27, 2014, petitioner *pro se* Roymer Tejeda, who is currently incarcerated at the Rivers Correctional Institution in Winton, North Carolina, commenced this action pursuant to 8 U.S.C. § 1503(a) seeking a declaration of his United States nationality in order to participate in programs at Rivers Correctional Institution. By Order dated March 10, 2014, the Court granted petitioner's request to proceed *in forma pauperis* and directed petitioner to file an affirmation within 30 days providing his residence before his incarceration.

      Actions brought under Section 1503(a) "shall be filed in the district court of the United States for the district in which such person resides or claims a residence." 8 U.S.C. § 1503(a). Residence is defined as "the place of general abode," and "the place of general abode of a person means his principal, actual dwelling place in fact, *without regard to intent*." 8 U.S.C. § 1101(a)(33) (emphasis added).

      In his affirmation, petitioner alleged that, before his incarceration, he "was living in Washington, D.C. from 2005 to 2009." (Petitioner's Affirmation at p.1.) Although petitioner also alleged that he planned to reside with his father in Brooklyn, New York, after his release in 2015, petitioner's intent to reside with his father is insufficient to establish his residence in Kings County

in order to allow this petition to proceed in this district court.

Pursuant to the venue provision governing this civil action, this action should be filed in the judicial district where petitioner "resides or claims a residence." See 28 U.S.C. § 1503(a). Here, because petitioner affirmed that he resided in Washington, D.C., before his incarceration, this case is hereby transferred to the United States District Court for the District of Columbia. See 28 U.S.C. §1406(a) (district court may transfer case filed in the wrong district to any district in which it could have been brought). The Court offers no opinion on the merits of the petition. That provision of Rule 83.1 of the Local Rules of the Eastern District of New York which requires a seven-day delay is waived. No summons shall issue from this Court. The clerk of court is respectfully requested to transfer this case to the United States District Court for the District of Columbia, mail a copy of this order to plaintiff, note service on the docket, and close this case.

SO ORDERED.

/s/
Kiyo A. Matsumoto
United States District Judge

Dated: April 4, 2014
       Brooklyn, New York